**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

**CLARA MCCANN**                                                                   **PLAINTIFF**

**V.**                                                                  **CASE NO. 2:11-CV-12**

**WAL-MART STORES, INC. AND
BRIAN ALLEN, INDIVIDUALLY AND IN
HIS OFFICIAL CAPACITY AS STORE MANGER**         **DEFENDANTS**

MEMORANDUM OPINION

This cause comes before the court on the unopposed motion [22] of the defendants for summary judgment pursuant to Fed. R. Civ. P. 56. The court adheres to Fifth Circuit precedent that an unopposed motion for summary judgment may not be granted absent a "clear record of delay or contumacious conduct." *Johnson v. Pettiford*, 442 F.3d 917, 919 (5th Cir. 2006). Finding no such record, the court will examine the merits of the plaintiff's claims rather than simply grant the defendants' motion as unopposed.

Clara McCann (age 50) worked for Wal-Mart Stores, Inc. (Wal-Mart) from September 29, 1994 until her termination on April 5, 2010. McCann was hired as a stocker and sales clerk in the company's Cleveland, Mississippi store. In 2002, she was granted leave of absence to have surgery for a brain tumor. After returning to work in 2003, McCann was reassigned to a "people greeter" position. Wal-Mart granted her request to wear a hat and dark glasses to keep her head warm and alleviate eyestrain while at work. McCann had a second surgery in May 2003 and returned to work later that year. One of the side effects of her surgeries was that her bladder became more active. In this regard, Wal-Mart allowed her to use the restroom more frequently during her shift. The circumstances giving rise to this lawsuit occurred several years

1

after the plaintiff's surgeries.

On March 30, 2010, McCann was working as a people greeter when she asked a customer to see a receipt for her candy. The customer told McCann that the cashier did not give her a receipt. The parties dispute what happened after this exchange. McCann claims that she informed a store manager of the customer not having a receipt, but did nothing further. However, according to the defendant, McCann confronted the cashier who had failed to give the customer a receipt. The defendant claims that McCann pushed the cashier as she walked away. McCann denies having a physical or verbal confrontation with the subject cashier.

Wal-Mart conducted an internal investigation into the incident, wherein the company obtained statements from several employees confirming that there was a confrontation. On April 5, 2010, Wal-Mart terminated McCann for violating the company's workplace violence prevention policy. Store manager Brian Allen claims that when he informed McCann that she was being terminated, she threw highlighters at him.

Following her discharge, McCann applied for unemployment compensation. Wal-Mart challenged her application. On June 17, 2010, an administrative law judge denied the plaintiff's request for benefits. The Board of Review for the Mississippi Department of Employment Security ("MDES") upheld the denial. On September 17, 2010, McCann filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging age and disability discrimination. On September 24, 2010, the EEOC issued her a right to sue letter. She timely filed suit against Wal-Mart and Brian Allen in Bolivar County Circuit Court. She asserts age and disability discrimination, failure to accommodate, malicious prosecution, breach of contract, and defamation. The defendants removed the case to this court on January 20, 2011.

As the plaintiff's claims are brought under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623(a)(1) and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131, this court has federal question jurisdiction, 28 U.S.C. § 1331. The court has supplemental jurisdiction over the plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

The defendants have filed the instant motion, arguing that summary judgment should be entered in their favor because McCann was terminated for nondiscriminatory reasons and she is unable to prove her state law claims. The plaintiff did not respond to the motion.

Summary judgment is proper when the evidence shows that there is no genuine issue of any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A genuine issue of material fact exists where a jury could reasonably find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). When ruling on a motion for summary judgment, the court must construe the facts and evidence in the light most favorable to the nonmoving party. *Ford, Bacon & Davis, LLC v. Travelers Ins. Co.*, 635 F.3d 734, 736 (5th Cir. 2011) (citing *Holt v. State Farm Fire & Cas. Co.*, 627 F.3d 188, 191 (5th Cir. 2010)). Once the party seeking summary judgment meets its burden, the nonmoving party must "come forward with specific facts showing a genuine factual issue for trial." *Harris ex rel. Harris v. Pontotoc Cnty. Sch. Dist.*, 635 F.3d 685, 690 (5th Cir. 2011). The nonmoving party cannot rely on metaphysical doubt, conclusive allegations, or unsubstantiated assertions but rather must show that there is an actual controversy warranting trial. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

The court will first consider whether summary judgment should be granted on the plaintiff's discrimination claims.

Federal employment discrimination claims based on circumstantial evidence must be reviewed under the *McDonald Douglas* burden-shifting standard. *Bryan v. McKinsey & Co.*, 375 F.3d 358, 360 (5th Cir. 2004). First, the plaintiff-employee must make a prima facie showing of intentional discrimination. *Id.* (citing *Reeves v. Sanderson Plumbing Products, Inc*., 530 U.S. 133, 142 (2000)). Then, the burden shifts to the employer to "articulate some legitimate, nondiscriminatory reason for the employee's rejection." *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). If the employer satisfies its burden, the plaintiff must then offer sufficient evidence to show that either "(1) the employer's reason is pretext or (2) that the employer's reason, while true, is only one of the reasons for its conduct, and another 'motivating factor' is the plaintiff's protected characteristic." *Burrell v. Dr. Pepper/ Seven Up Bottling Grp*., 482 F.3d 408, 411-412 (5th Cir. 2007).

The ADA prohibits discrimination in employment settings against qualified individuals with disabilities. In order to make a prima facie case of disability discrimination under the ADA, the plaintiff must show that she (1) has a disability; (2) was qualified for her position; and (3) suffered an adverse employment action because of her disability. 42 U.S.C. § 12112(a). Failure to accommodate a qualified individual's known disability is considered discrimination unless the employer can show that the accommodation would impose an undue hardship on the employer's business. 42 U.S.C. § 12112(b)(5). The plaintiff bears the burden of requesting reasonable accommodations. *Jenkins v. Cleco Power, LLC,* 487 F.3d 309, 315 (5th Cir. 2007).

McCann is able to show that she has a disability and was qualified for her position. She cannot, however, show that she was fired because she is disabled. The plaintiff does not assert that her termination occurred under circumstances which raise an inference that her disability

influenced the defendants' decision to fire her. Likewise, she does not assert that the defendants have a history of treating disabled employees less favorably than non-disabled employees. An employer's decision to terminate a disabled employee does not always raise an inference of disability discrimination. In the case herein, there is no indication that the plaintiff was terminated because she is disabled. Even if the plaintiff could make a prima facie showing of disability discrimination, her claim would still fail because she cannot rebut the defendants' proof that she was terminated for pushing a coworker. Though the plaintiff denies any physical confrontation, there is proof that the defendants had reason to believe she violated the company's policy on workplace violence. Several of the plaintiff's former coworkers gave statements confirming that the plaintiff pushed a cashier on March 30, 2010. Since the plaintiff cannot rebut the defendants' nondiscriminatory reason for terminating her, summary judgment should granted on this claim.

Although McCann contends that the defendants failed to accommodate her disability, she has not alleged a single instance where the defendants denied her medical requests. The plaintiff was granted leave to have both of her surgeries. When she returned, the defendants moved her to a less demanding position. They accommodated her requests to wear a hat and dark glasses as well as go to the restroom more frequently during her shift. In light of the plaintiff's inability to show that the defendants denied her a reasonable accommodation, summary judgment should be granted on this claim.

To establish age discrimination, the plaintiff must show that (1) she was qualified for her position; (2) she was discharged; (3) she was a member of a protected class at the time of her discharge; and (4) she was either (i) replaced by someone outside the protected class, (ii)

replaced by someone younger, or (iii) otherwise discharged because of age. *Jackson v. Cal-Western Packaging Corp.*, 602 F.3d 374, 378 (5th Cir. 2010). Under the ADEA, the plaintiff has the burden of showing that age was the "but-for" cause of the employer's action. *Id*. at 377.

McCann alleges that she was terminated because of her age and replaced by a younger, less qualified employee. The court need not consider whether the elements of a valid age discrimination claim are present because the plaintiff cannot show that age was the but-for cause of her termination. The defendants assert that McCann was terminated for violating workplace policy. The plaintiff claims that the defendants' stated reason is pretext for discrimination. Pretext can be shown "either through evidence of disparate treatment or by showing that the employer's proffered explanation is false or 'unworthy of credence.'" *Laxton v. Gap Inc*., 333 F.3d 572, 578 (5th Cir. 2003) (quoting *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 142). McCann has not shown that the proffered reason is false or "unworthy of credence." The defendants received statements from several employees indicating that McCann pushed a cashier. Regardless of whether the statements are true, the defendants had reason to believe that the plaintiff violated workplace policy. It is not the court's duty to engage in "judicial second-guessing of business decisions." *Deines v. Texas Dept. of Protective and Regulatory Servs.*, 164 F.3d 277, 281 (5th Cir. 1999). Since the plaintiff cannot prove that age was the but-for cause of her termination, her claim must fail.

The court now turns to the plaintiff's state law claims for defamation, malicious prosecution, and breach of contract.

To establish defamation under Mississippi law, a plaintiff must show that there was:

(1) a false and defamatory statement concerning the plaintiff;

(2) an unprivileged publication to a third party;

(3) fault amounting at least to negligence on the part of the publisher; and

(4) either actionability of statement irrespective of special harm or the existence of special harm caused by publication.

*Simmons Law Grp., P.A. v. Corp. Mgmt., Inc.*, 42 So. 3d 511, 517 (Miss. 2010).

McCann alleges that the defendants provided false information to MDES when they contested her application for unemployment benefits. The plaintiff has not alleged exactly what the false statements were, but generally alleges that they were false reasons to terminate her. Comp. ¶ 23. The court cannot determine whether the statements constitute defamation if it does know what the actual statements were. Further, as the defendants correctly point, all communications to MDES are a privileged under Miss. CODE ANN. § 71-5-131. Therefore, the plaintiff cannot satisfy her burden of proving defamation under Mississippi law.

McCann additionally argues that the defendants committed malicious prosecution when they gave false information to MDES regarding her termination. The defendants do not address this claim in their motion; however, because summary judgment is sought on the entire complaint, the court will address the claim at this time. The elements of a malicious prosecution claim are (1) the institution of a proceeding; (2) by or at the direction of the defendant; (3) termination of the proceeding in the plaintiff's favor; (4) malice in initiating the proceeding; (5) lack of probable cause; and (6) damages suffered as a result of the proceeding. *Bearden v. BellSouth Telecomms., Inc.,* 29 S0. 3d 761, 764 (Miss. 2010).

McCann is unable to make a valid claim for malicious prosecution because she initiated the proceeding when she applied for unemployment benefits. The defendants challenged her application. Further, the case was not terminated in her favor. The administrative law judge

denied her request for benefits and the Board of Review upheld the decision. The plaintiff's failure to prove these elements is fatal to her claim.

The court now determines whether there was a breach of contract. McCann asserts that the defendants failed to follow the provisions of Wal-Mart's employee handbook when they fired her and therefore, are in breach of contract. She fails to provide a copy of the handbook or specify which provisions were not followed. As such, the basis of the plaintiff's claim is unclear. A party cannot make a valid claim for breach of contract without alleging what the actual breach is. Since the plaintiff has failed to establish that there was a breach, she has not made a valid claim for breach of contract. Summary judgment is proper.

Based on the foregoing analysis, the defendants' motion to summarily dismiss the complaint is GRANTED. A separate judgment shall will be issued this day pursuant to Fed. R. Civ. P. 58.

SO ORDERED, this the 7th day of March, 2012.

                                        **/s/ MICHAEL P. MILLS**
                                        **CHIEF JUDGE**
                                        **UNITED STATES DISTRICT COURT**
                                        **NORTHERN DISTRICT OF MISSISSIPPI**